UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AISHA SPRINGS,
*on behalf of* Z.L., a minor

    Plaintiff,

v.

OFFICER DOBBINS and the
CINCINNATI POLICE DEPARTMENT,

    Defendants.

Case No. 1:14-cv-570

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Introduction**

This action is before the Court on the *pro se* Plaintiff's application to proceed *in forma pauperis* in connection with a complaint alleging the use of excessive force against her son, "Z.L.," a minor, during an incident that allegedly occurred on June 25, 2014. Plaintiff has filed suit on behalf of her son against Cincinnati Police Officer Dobbins and/or the Cincinnati Police Department. Construing the complaint liberally, Plaintiff alleges that Defendants violated her minor son's constitutional right to be free from the excessive use of force, pursuant to 42 U.S.C. §1983.[1]

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks

---

[1] Plaintiff also has checked a box on the pro se complaint form suggesting that she is claiming diversity jurisdiction, but as both Plaintiff and the Defendants would appear to be residents of Ohio, that box appears to have been marked in error.

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## II. Analysis

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328–29, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir.2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). A

complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Hill,* 630 F.3d at 470–71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2) (B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U .S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the

3

defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

As stated, Plaintiff has filed suit on behalf of her minor son, "Z.L.," alleging that excessive force was used against Z.L. during an incident that allegedly occurred on June 25, 2014. Plaintiff alleges that Officer Dobbins and/or the Cincinnati Police Department are responsible for injuries that her son incurred during the incident, and for monetary damages relating to those alleged injuries. Plaintiff has articulated sufficient factual allegations against Officer Dobbins to proceed beyond initial screening, insofar as that Defendant should be served with the complaint.

However, the same cannot be said of Plaintiff's allegations against the City of Cincinnati Police Department, in part because that Defendant is not a legal entity subject to suit under 42 U.S.C. §1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). Nor can the Cincinnati Police Department be held vicariously liable for the actions of its employees under §1983. *See Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000). Plaintiff does not allege any facts suggesting that Officer Dobbins acted pursuant to any specific policy or custom of the City during the incident in question. Therefore, Plaintiff has failed to state any claim against the City of Cincinnati Police Department.

To the extent that Plaintiff seeks to challenge any ongoing prosecution against her son for criminal charges, see Doc. 1-1 at 4 ("there filling [sic] charges on [Z.L.]"), Plaintiff also fails to state any claim that would be cognizable under 42 U.S.C. §1983. *See Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that a § 1983 civil rights action seeking money

damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated. When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the inmate can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id.*

The rule in *Heck* has been extended to § 1983 claims relating to pending pre-trial charges when a judgment in favor of the state court defendant would necessarily imply the invalidity of any conviction or sentence that might result from prosecution on the pending charges. Such claims arise at the time the charges are dismissed. *See Shamaeizadeh v. Cunigan,* 182 F.3d 391 (6th Cir.), *cert. denied,* 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 412 (1999). *See also Covington v. City of New York,* 171 F.3d 117, 124 (2d Cir.), *cert denied,* 528 U.S. 946, 120 S.Ct. 363, 145 L.Ed.2d 284 (1999); *Smith v. Holtz,* 87 F.3d 108, 113 (3d Cir.), *cert. denied,* 519 U.S. 1041, 117 S.Ct. 611, 136 L.Ed.2d 536 (1996). Thus, to establish a § 1983 claim where criminal charges may be pending, a plaintiff must "show that a decision in his favor would not imply the invalidity of a future conviction." 182 F.3d at 398. *See also Schilling v. White,* 58 F.3d 1081 (6th Cir.1995).

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** all claims except Plaintiff's claim for the use of excessive force against Defendant Dobbins be

DISMISSED for failure to state a claim. Pursuant to a separate order filed herewith, summons should issue only on Plaintiff's civil rights claim against Defendant Dobbins.

                                                    *s/ Stephanie K. Bowman*
                                                    Stephanie K. Bowman
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AISHA SPRINGS,
*on behalf of* Z.L., a minor                                    Case No. 1:14-cv-570

    Plaintiff,

                                                                                                 Barrett, J.
v.                                                              Bowman, M.J.

OFFICER DOBBINS and the
CINCINNATI POLICE DEPARTMENT,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).