**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

AISHA SPRINGS,
*on behalf of* Z.L., a minor                                           Case No. 1:14-cv-570

    Plaintiff,
                                                                        Barrett, J.
v.                                                                      Bowman, M.J.

OFFICER DOBBINS and the
CINCINNATI POLICE DEPARTMENT,

    Defendants.

**REPORT AND RECOMMENDATION**

**I. Introduction**

This Court previously granted the *pro se* Plaintiff's application to proceed *in forma pauperis* in connection with a complaint alleging the use of excessive force against her son, "Z.L.," a minor, during an incident that occurred on June 25, 2014. Plaintiff filed suit against Cincinnati Police Officer Dobbins and/or the Cincinnati Police Department, alleging that both Defendants violated her son's constitutional rights, in violation of 42 U.S.C. §1983.[1] Although Plaintiff's claims against the Police Department were dismissed on initial screening, the Court determined that Plaintiff had "articulated sufficient factual allegations against Officer Dobbins to proceed…, insofar as that Defendant should be served with the complaint." (*See* Doc. 4, Report and Recommendation adopted at Doc. 7 on August 12, 2014 as Order of the Court).

---

[1] Plaintiff also has checked a box on the pro se complaint form suggesting that she is claiming diversity jurisdiction, but as both Plaintiff and the Defendants would appear to be residents of Ohio, that box appears to have been marked in error.

**II. Analysis**

One week after the Court ruled that Plaintiff could proceed only on her claim against Defendant Dobbins, she appealed that ruling to the Sixth Circuit. (See Doc. 9). Plaintiff's appeal was quickly dismissed as interlocutory, for lack of jurisdiction. (Doc. 14). On February 10, 2015, defense counsel notified the undersigned, through a motion for leave to file an incomplete Rul26(f) report, that he had been unable to confer with Plaintiff due to his inability to reach her even through attempted delivery by certified mail. (Doc. 20). After notice to the Plaintiff, the undersigned convened a telephone status conference on March 17, 2015. Although defense counsel appeared, Plaintiff did not. On August 25, 2015, Defendant filed another motion, again occasioned in part by Plaintiff's failure to communicate or to provide so much as a telephone number where she could be reached. (Doc. 25). In addition to granting Defendant's motion to vacate the calendar order and extend discovery and dispositive motion deadlines, on September 1, 2015 the undersigned directed Plaintiff specifically to "provide the Court with all contact information, to include her current address, telephone number, and email address, as required by Fed. R. Civ. P. 11(a). (Doc. 27 at 2). The undersigned expressly warned Plaintiff that her "[f]ailure to do so may result in the undersigned issuing a Report and Recommendation…that this matter be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b)." (*Id.*).

Plaintiff has failed to file any response to the Court's "show cause" order, and her time for doing so has now expired. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss any case for "failure of the plaintiff to prosecute or to comply with the rules or order of the court...." Unless the court orders otherwise, a

dismissal for failure to prosecute pursuant to Rule 41(b) is an adjudication on the merits that is to be given preclusive effect, barring subsequent actions based on the same allegations. *See Bragg v. Flint Bd. of Educ.,* 570 F.3d 775 (6th Cir.2009).

Without the type of basic contact information requested in this case, a court has no recourse but to dismiss a complaint for failure to prosecute. *See, e.g., Whittaker v. Hilltop Records,* 2009 WL 2734052 (S.D.Ohio Aug.27, 2009) (dismissal of pro se plaintiff); *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.,* 960 F.2d 603, 608–609 (6th Cir.1992) (dismissal upheld in part due to counsel's failure to advise court of change of address). Plaintiff's failure to respond to Defendant's attempts to formulate a joint Rule 26(f) report, her subsequent failure to appear at a telephonic hearing before the undersigned, and her recent failure to show cause when expressly directed to do so, all reflect a failure to prosecute.

### III. Conclusion and Recommendation

For the reasons explained above, **IT IS RECOMMENDED THAT** this case be be DISMISSED for failure to comply with the Court's last order, and for failure to prosecute.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| AISHA SPRINGS,<br>*on behalf of* Z.L., a minor<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER DOBBINS and the<br>CINCINNATI POLICE DEPARTMENT,<br><br>    Defendants. | Case No. 1:14-cv-570<br><br>Barrett, J.<br>Bowman, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).